# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATTY YUEN, | CIVIL ACTION NO. 1:22-cv-2680 |
| Plaintiff, | |
| vs. | |
| CIGNA LIFE INSURANCE COMPANY OF NEW YORK, | |
| Defendant. | |

## COMPLAINT

**For Breach of the Employee Retirement Income Security Act of 1974;
Enforcement and Clarification of Rights;
Prejudgment and Post-judgment Interest; and Attorneys' Fees and Costs**

Plaintiff PATTY YUEN by her undersigned counsel herein sets forth the allegations of her Complaint against Defendant Cigna Life Insurance Company of New York.

## PRELIMINARY ALLEGATIONS

1.     Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C.

§ 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Venue lies in the Southern District of New York pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the ERISA-governed plan at issue was administered in part in this District, and Ms. Yuen resides in the City, County and State of New York, within this District. Venue is therefore also proper pursuant to 28 U.S.C. §1391(b) for the latter reason and because some of the events or omissions giving rise to Ms. Yuen's claim occurred within this District.

3. Plaintiff was at all relevant times a covered beneficiary under the Signature Bank medical benefit plan (the "Plan"), an employee welfare benefit plan regulated by ERISA and pursuant to which Plaintiff is entitled to health care benefits.

Health benefits under the Plan are insured and administered by Defendant Cigna Life Insurance Company of New York.

4. ("Cigna"). Plaintiff is informed and believes that Cigna is a corporation with its principal place of business in Pennsylvania, authorized to transact and transacting business in this Judicial District, and with a local office in this District.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
## FOR DENIAL OF BENEFITS

5. Plaintiff incorporates by reference paragraphs 1 through 4 as though fully set forth herein.

6. In or about 2017, Plaintiff presented with a bone-on-bone left hip and was subject to a hip resurface (Code 27130). The procedure was performed by Dr. Edwin Su at Hospital for Special Surgery.

7. Dr. Su is a specialist in the field of hip replacement and resurfacing. He is also the only surgeon in the area willing to undertake a resurfacing for Plaintiff, who is a small-framed, athletic 4'9" adult female of Han Chinese extraction.

8. The absence of thick-diameter femur makes the procedure challenging.

9. However, at the time of diagnosis, Plaintiff was an active 51-year-old fitness instructor and the resurfacing is far preferable to a replacement as it allows for more strength and flexibility and may be more easily modified later should the need arise.

10. At the time, Plaintiff was insured with Aetna under a basic plan.

11. The procedure was deemed necessary and the Plan covered the cost up to $26,183.59, the vast majority of which was covered.

12. On or about April 5, 2021 having presented with identical symptoms in the right hip, Plaintiff underwent a second hip resurface..

13. At this time, she was insured by Cigna under policy #U52684521. This was what is deemed a "platinum" policy which carried additional premiums and promised to cover a higher proportion of medical costs than lesser alloys.

14. The procedure was deemed necessary, with Plaintiff diagnosed with M16.11 (osteoarthritis).

15. In accordance with the "No Surprises Act" all preauthorizations were obtained from Cigna.

16. Once again Dr. Su performed the hip resurfacing surgery as an out-of-network

procedure.

17.     Thereafter, Cigna determined the maximum reimbursable Charge to be $3,450.68, representing what Defendant stated were "Medicare' rates, leaving Plaintiff with the lion's share of the cost, at least $28,500.

18.     On or about November 1, 2021, Plaintiff submitted the matter to Cigna on appeal.

19.     On or about November 11, 2021, Cigna denied the appeal.

20.     Plaintiff has exhausted the insurer's internal appeals process.

21.     Cigna has taken a cynical and unrealistic position, equivocating the work by virtually the only surgeon willing and capable of this procedure at arguably the foremost joint disease hospital onto East Coast with a generic hip resurface performed by a random surgeon in "Anytown, USA."

22.     Defendant incorrectly applied the "Medicare" methodology to determine the maximum Reimbursable Charge.

23.     The Medicare reimbursable charge is wholly inapplicable to the procedure performed by Dr. Su.

24.     Plaintiff had a reasonable expectation that given the excess premium paid to Cigna for an elevated standard of coverage that Cigna would provide a level of insurance that would at least exceed that which the government provides indigent persons for free.

25.     Cigna has breached its covenant of good faith and has intentionally underinsured the 2021 procedure.

26.     As a consequence, Plaintiff has been harmed.

27.     Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

(a) Failure to pay medical benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claims for medical benefits;

(c) After the claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claims along with an explanation of why such material is or was necessary;

(d) Failure to pay for the level of care which Defendant determined was medically necessary; and

28. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

29. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

30. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred, in a total sum to be proven at the time of trial.

31. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs

and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

32. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan.

## SECOND CLAIM FOR RELIEF AGAINST
## DEFENDANT FOR EQUITABLE RELIEF

33. Plaintiff refers to and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34. As a direct and proximate result of the failure of Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate;

(b) A mandatory injunction requiring Defendant to immediately qualify Plaintiff for medical benefits due and owing under the Plan for periods covered under the Plan; and

(c) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff as participant under the Plan.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health insurance benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. §1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

DATED: April 1, 2022　　　　　　　　FOR THE PLAINTIFF:

BY:　_____
Adam Silverstein, Esq. as-8641
30 Wall Street, 8th fl
New York, NY 10005
Phone: 212 233 4995
Fax: 646 762 9857
e-mail: adamlaw@att.net